# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO. 3:23-CR-00198-FDW

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **ASHLEY NICOLE CROSS,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on United States' oral motion to revoke Defendant's bond. For the reasons set forth below, the United States' Motion is **DENIED**.

Under 18 U.S.C. § 3148, a rebuttable presumption of revocation of bond arises where the Court finds there is probable cause to support that Defendant has violated a State, Federal, or local law. The Court has found probable cause that Defendant violated 18 U.S.C. § 1503, obstruction of justice. The burden is now on Defendant to rebut the presumption that no condition or combination of conditions can reasonably assure the safety of the community or the appearance of the Defendant.

The Court finds Defendant has rebutted the presumption. First, Defendant appeared in Court this morning after the United States moved to revoke her Bond on Friday. Second, Defendant contacted the witnesses in this case one to three months ago, based on the record before this Court. She has not, based on the record, been contacting witnesses since last Tuesday when trial began. Finally, it appears based on the record the United States became aware of the events underlying the revocation motion on May 1 or 2, 2024, and did not move to revoke until May 10, 2024. These factors, considered collectively, are sufficient to rebut the presumption that no condition or combination of conditions can reasonably assure the safety of the community or the appearance of the Defendant.

However, Defendant has violated the terms of her Bond. For these reasons, the Court will MODIFY the Defendant's conditions of release. It is ORDERED that in addition to the conditions of release previously ordered on September 21, 2023, by United States Magistrate Judge David C.

1

Keesler, the Defendant is to comply with home detention with location monitoring under the supervision of the United States Probation Office, including:

1. Participate in the following location monitoring program component(s) and abide by its requirements as the probation officer instructs. For each component, the defendant shall maintain a telephone at the defendant's place of residence without any "call forwarding", "Caller ID services", "call waiting", dial-up computer modems, 1-800 long distance call block, fax machine, voice over protocol (VOIP), burglar alarm or three-way calling service. The location monitoring technology that will be used (i.e., Radio Frequency (RF), GPS, Voice Recognition, Mobile Biometric Application) is to be selected by the probation officer.

2. The defendant shall submit to home detention, with location monitoring technology, and comply with its requirements as directed. During this time, the defendant is restricted to the defendant's residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by the probation officer; and

3. Pay the cost of location monitoring not to exceed the daily contractual rate. Payment for the location monitoring shall be made in accordance with the probation officer's direction.

**IT IS SO ORDERED.**

Signed: May 13, 2024

Frank D. Whitney
United States District Judge

2